IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CRYSTAL ROBERTS, | § | Civil Case No.: 1:23-cv-00348 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | **JURY DEMANDED** |
| BARAHONA TRANSPORTATION, LLC, | § | |
| AND EMMANUEL PEREZ, | § | |
| | § | [Removed from the 274th |
| Defendants. | § | Judicial District Court |
| | § | of Hays County, Texas] |

**DEFENDANTS' NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendants Barahona Transportation, LLC ("Barahona") and Emmanuel Perez ("Perez") (collectively, "Defendants") jointly file this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to remove this action filed in the 274th Judicial District Court of Hays County, Texas, to the United States District Court for the Western District of Texas, Austin Division. In support of this removal, Defendants respectfully offer the Court the following facts, arguments, and legal authorities:

**I.   BRIEF FACTUAL AND PROCEDURAL BACKGROUND**

This lawsuit arises out of a multi-vehicle automobile collision that occurred on or about February 21, 2021 in San Marcos, Hays County, Texas. *See* Exhibit 3 at ¶ 3.1 (*Plaintiff's Original Petition*). Plaintiff Crystal Roberts ("Plaintiff") alleges she was driving northbound on Interstate 35 when her vehicle was struck by a truck driven by Perez. *Id*. More specifically, Plaintiff alleges Perez caused the collision when he "abruptly changed lanes because of his failure to drive his truck

in a safe manner." *Id*. Plaintiff further alleges that, at the time the subject collision occurred, Perez was acting in the course and scope of his employment with Barahona. *See id*. at ¶ 6.1.

Plaintiffs filed this lawsuit in the 274th Judicial District Court of Hays County, Texas. *Id*. at 1. Plaintiff asserts a negligence claim against Perez and *respondeat superior* and direct negligence claims against Barahona for negligent hiring, training, and supervision. *See id*. at ¶¶ 4.1–6.1.

Barahona and Perez have appeared in state court and denied Plaintiff's allegations. *See* Exhibit 4 (*Defendants' Original Answer*).

## II.  GROUNDS FOR REMOVAL

This removal is proper because the Court has subject matter jurisdiction based on complete diversity of citizenship between the parties under 28 U.S.C. § 1332(a). Complete diversity of citizenship between the parties existed at the time the underlying action was filed in state court (January 9, 2023), at the time Defendants received a copy of Plaintiff's Original Petition (February 28, 2023), at the time Defendants filed their answer in state court (March 10, 2023), and at the time of this removal (March 29, 2023). Further, the amount in controversy exceeds the federal jurisdictional minimum of $75,000 exclusive of interest and costs. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446 and this Court has proper jurisdiction over the parties to this suit.

### A.   Amount in Controversy

Plaintiff affirmatively states in her Original Petition that she seeks "monetary relief over $1,000,000.00." *See* Exhibit 1 at ¶ 2.1. Therefore, it is facially apparent from Plaintiffs' Petition that the amount in controversy exceeds the sum or value of $75,000.00. *See Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (applying the "facially apparent" test).

### B. Complete Diversity of Citizenship Exists Between All Parties

There is complete diversity of citizenship between all the parties to this lawsuit. On information and belief, Plaintiff is a citizen of Texas. *See* Exhibit 1 at ¶ 1.1. Plaintiff's residence allegation is *prima facie* evidence of Texas citizenship for diversity purposes. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship."); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence . . . is prima facie proof of his domicile.").

Barahona is a North Carolina limited liability company. *See* Exhibit 1 at ¶ 1.3. Barahona is solely owned by a single member, Omar Barahona, who is a citizen of North Carolina. Barahona is therefore a citizen of North Carolina for purposes of federal diversity jurisdiction. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of an LLC "is determined by the citizenship of all of its members"); 28 U.S.C. § 1332(c)(1). Accordingly, Barahona is not a citizen of Texas for the purposes of diversity jurisdiction. *Id*.

Perez, an individual, is a citizen of California for diversity purposes. *See* Exhibit 1 at ¶ 1.2.

### III. VENUE

Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed state court action has been pending. Specifically, the 274th Judicial District Court of Hays County, Texas, is geographically located within the Austin Division of the United States District Court for the Western District of Texas. 28 U.S.C. § 124(d)(1).

## IV.   COMPLIANCE WITH PROCEDURAL REQUIREMENTS

### A.   Compliance with 28 U.S.C. § 1446.

Copies of all process, pleadings, orders, and other filings in the state-court suit are attached to this Notice, pursuant to 28 U.S.C. § 1446(a). Those documents include the following:

- Plaintiff's Original Petition;
- Defendants' Original Answer;
- State Court Register of Actions;
- Defendants' Rule 216 Request for Jury Trial (state court); and
- Notice to State Court of Removal.

Defendants will promptly file a notice of this removal with the clerk of the state court where the suit has been pending. A copy of that notice is attached hereto as Exhibit 6.

### B.   Timeliness

Defendants first received a copy and notice of Plaintiff's Original Petition on February 28, 2023. Pursuant to 28 U.S.C. § 1446(b)(1), Defendants have timely filed this Notice of Removal within thirty (30) days after service of process.

### C.   Filing Fee

Defendants have tendered the relevant filing fee to the Clerk of the United States District Court for the Western District of Texas, Austin Division.

### D.   Corporate Disclosure

Pursuant to Federal Rule of Civil Procedure 7.1, Barahona will separately file a corporate disclosure statement. No such disclosures are required for Perez.

### E.   Jury Demand

Defendants previously demanded a jury trial in state court and paid the relevant fee. *See* Exhibit 4 at ¶ 8; *see also* Exhibit 5. Therefore, Defendants "need not renew the demand [for jury trial] after removal." FED. R. CIV. P. 81(c)(3)(A).

### F. Request for Leave to Amend

In the event this Court subsequently identifies a defect in this Notice of Removal, Defendants respectfully request the Court grant Defendants leave to amend this Notice to cure such defect. *See, e.g.*, *Silva v. Degs Wind I, LLC*, No. CV 1:13-247, 2015 WL 12743775, at *2-3 (S.D. Tex. Jan. 29, 2015); *Bailon v. Landstar Ranger, Inc.*, 3:16-CV-1022-L, 2016 WL 6565950, at *4 (N.D. Tex. Nov. 3, 2016) (citing *In re Allstate Ins.Co.*, 8 F.3d 219, 221 & n.4 (5th Cir. 1993)) (procedural defects may be cured by the filing of an amended notice of removal); *Lafayette City-Parish Consol. Gov't v. Chain Elec. Co.*, No. 11-1247, 2011 WL 4499589, at *7 (W.D. La. Sept. 23, 2011) (explaining that "defendants may freely amend the notice of removal required by section 1446(b)").

### G. Reservation of Defenses

By filing this Notice of Removal, Defendants do not waive any legal defenses or objections to Plaintiff's Original Petition, but expressly reserve their right to raise any and all legal defenses or objections in subsequent pleadings in this Court.

## VII. CONCLUSION

In conclusion, Defendants represent that they have properly complied with the removal statutes set forth above, and this case thus stands removed from the 274th Judicial District Court of Hays County, Texas, to the United States District Court for the Western District of Texas, Austin Division. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required under 28 U.S.C. § 1446(a).

Respectfully submitted,

**GERMER, PLLC**

By: /s/ *Evan W. Weltge*
   TROY A. WILLIAMS
   State Bar No. 00788678
   EVAN W. WELTGE
   State Bar No. 24110523

America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
E-Mail: *twilliams@germer.com*
E-Mail: *eweltge@germer-austin.com*

**ATTORNEYS FOR DEFENDANTS
BARAHONA TRANSPORTATION, LLC
AND EMMANUEL PEREZ**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 29, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| R. Alex Conant<br>Amini & Conant, LLP<br>408 West 11th Street, Fifth Floor<br>Austin, Texas 78701<br>*Attorneys for Plaintiff* | *Via E-Mail: alex@aminiconant.com* |

              */s/ Evan W. Weltge*
              Evan W. Weltge